The next matter on our calendars in Ray Bronx Miracle Gospel and others. Council first Council for the appellate. Good morning Council. Funny your honor. Am I audible your honor. Yeah. Yes, we're all here. Good morning, Your Honor. May it please the court. My name is. I'm up here for the Bronx Miracle the church, the petitioner in this case your honor. How long have you represented this entity. How did you represent them when they failed to appeal. Any other order on the way to court today. No, Your Honor. I was, I was not the attorney at the time of appointment of the trustee in this case, but wait a minute, wait a minute. I don't think that was the question. I think the question is your failure to appeal at any point below. So for example, you were the attorney at the time that the district court ordered the sale correct that the bankruptcy court ordered this. No, I was not the attorney at that point, Your Honor. Okay, what, what date, did you become the attorney. I. Before the confirmation of the savior on it. I would not that that was 2020 year on it. I did appear. I would not know it and you're on it at this point. Sorry, I don't think I can answer it, but that's fine, it'll appear in the record, we'll find out. Yeah, we have the record in front of us. I'm sorry I understand you understand race judicata. Yes, I, I am stressed you to gather your honor. Also the orders that resulted in the sale of the property your honor. They were not appealed in time. There were default judgments. There were default orders. It was already too late. And I did file a motion to reconsider your honor. The orders, although the motion to reconsider the decision was late. So no appeal could have been taken your honor. Oh wait a minute. But we are faced today with an appeal from the district courts failure to grant a writ of mandamus correct. That is true your honor. Okay, so now the writ of mandamus you would agree is what we often describe as an extraordinary remedy correct. That is true your honor. So, litigants are expected, no matter who they are to take an orderly appeal right there are appeal rights you can appeal a district courts decision. I'm sorry, a bankruptcy courts decision in many circumstances to the district court correct. That is true your honor. And if you miss that appeal right, you don't get to just take a writ of mandamus and act as though it's an appeal. I understand in a linear progression of the case that is very right your honor. But in this case, we have had, I didn't mention the case at the parking case of the Second Circuit wherein the appeal was not taken, but the bankruptcy court has exceeded the jurisdiction your honor. This is to confine an inferior code within the jurisdictional limits. Okay, what is the jurisdictional access here. We're keeping in mind that whenever a district court commits an error of law. That is not the same as saying it exceeded its jurisdiction so please tell us what was the excess of jurisdiction, your honor, the, the bankruptcy court could not have appointed a trustee operating trustee on a church, that is one, and why is that a jurisdictional question as opposed to an error of law. That is jurisdictional because in 1993, the Congress came up with a referee your honor religious freedom restoration act, which apply. Okay, and explain to me why your refer a claim relates to the court's jurisdiction, and not what it's authorized to do within its jurisdiction. Yes, your honor I understand that, but the bankruptcy court, the bankruptcy court itself. If you look at section 303, it prohibits involuntary bankruptcy filing against any religious body. Similarly, your honor. Okay, so let's take that point. Who, who initiated the chapter 11 proceeding, a church did it your honor. So is that involuntary. No, that's voluntary on it. Okay, so 303 doesn't apply here correct 303 doesn't apply but involuntary the message your honor the Congress is a church cannot be put in liquidation. And this is precisely what happened here in this case. I thought they're still in chapter 11. They are still in chapter 11 there's an operating trustee, we have no control. The property has been used. It can't be put in liquidation this chapter seven. No, they are agreed they're not in chapter seven, that is to your honor but what they have done is they're using the section 704 powers within the ambit of chapter 11. It's within chapter 11 you cannot a trustee cannot sell an asset. No, the chapter 11, you cannot you can sell an asset, but you cannot sell an asset that belongs to the church your honor, because church just cannot be liquidated. There's a direct prescription I guess now you're, you're mixing. You're saying that the sale of an asset equals liquidation of the debtor. That's true your honor, it's a heart, the church with a heart of the congregants. So the church is the place where everyone assembled your honor, and you go back to our original question which is, why is it not simply illegal in your view, but in excess of the courts jurisdiction. Do you under you understand the difference between those two concepts right yeah I understand the concept you don't know explain to us why it is beyond its jurisdiction. It is beyond the jurisdiction because I think the bankruptcy code your honor has to be silhouetted against other other statutes, as well as the Constitution, your honor. You cannot take a provision in isolation and say, well, this is the law, I could do it and say this is like, you know, if that is the case your honor then no other the jurisdiction issue becomes a misnomer. Actually, if you think about it. I don't know if law can be a lapse of jurisdiction, you know, well let me let me give you an example in a criminal case. Okay. Let's say that there has been a constitutional violation. Okay, let's say there's a speedy trial violation or evidence has been admitted, even though the defendant, and, you know, was not advised their Miranda rights. Right, there can be constitutional violations right during the trial. But we would not say the court exceeded its jurisdiction, we would say there's a constitutional violation there's a problem, but we would not say it's a jurisdictional issue and that's why I want you to go back and tell me why, in your view, this is a jurisdictional issue. Even if it's a constitutional problem. I mean, the court, even if it is not jurisdiction, your honor, he exceeded his authority. The judge exceeded his authority in this case, there's no doubt about it. And the rate has been used, not only for jurisdictional issues, as you pass through your honor, even exceeding the authority, it's very clear. So, I think the, the issues were very important. So you're saying the bankruptcy judge exceeded his authority because of refer and re looper. Yes, that is one, as well as the bankruptcy code is very clear in other provisions that there's no carve out in either of those laws for bankruptcy. No, there is your honor, it says in the reference religious land use. It says that since 1993, any laws before it, and after it, unless there's an explicit exemption, these laws would apply. So reference applies it on it. That's right, it's not that ever applies to all, it's a super statute, you know that I understand your claim about refra. Yes, and I understand that you could have preserved that claim, had you raised it in a timely manner before the bankruptcy court, and then brought a timely appeal to the district court, and then had a final judgment for us to review. Yeah. When you go to the district court with a writ of mandamus you must have a clear and undisputable claim to that right. And I don't think you point to any case, clearly and undisputably establishing this right and it is typically not the circumstance that a district court in this case which was faced with the writ of mandamus or us reviewing the denial of a writ of mandamus would in the first instance, consider an issue. Right. Isn't it the whole point you're supposed to be able to point to established law, demonstrating the proposition, and you, you didn't preserve this so now we have a writ of mandamus you can't ask us to recognize it the first instance. No, Your Honor, very novel proposition. No, Your Honor, respectfully, we preserved it before the confirmation of the same. I raised the points, and you know, by, by before the confirmation of the same. And we posited these issues, very clearly, elaborately, Your Honor, and we explained to the judge as to what really went wrong here. If you look at the decision of Hankins case you're on the second circuit, it says, before the district court. I thought you filed a writ of mandamus before the district court. That is true, Your Honor, because the, the district code has a supervisory authority on the bankruptcy court, Your Honor. But you did not take a timely appeal to the district court. No, district court we took the appeal in time, Your Honor. Yeah, we took the appeal in time with the district court, Your Honor. As for the denial of the writ is concerned, you know, the appeal to the district court, the appeal to the district court, the appeal to the district court could not have been taken because the appointment of the trustee, and the sale motion, were already decided before, Your Honor. They were already decided. I do mention... No, but the point is you should have brought the appeal to the district court when the sale order was entered and you didn't. Your Honor, it was, it was the bankruptcy judge also says it's too late, you didn't appeal the order. If you see this information... Well, right, but you waited too long. You can't say, well, yeah, you know, you can't blame me for not bringing the appeal later because I missed the deadline for it. Please understand, Your Honor, the Hankins case, if you look into it, there is this case law of US versus Amer. The RFRA claim could have been used in the trial, or could have been used in the sentencing. It is like sentencing, Your Honor, confirmation of the sale. At the sentencing or confirmation of the sale, I did bring those claims, Your Honor. But these are important claims. Then he stated that other issues, complex issues, Your Honor, whether RFRA is applicable or not, whether that trustee happens to be government, or it's under the color of state law, or, you know, if it is a government agent, and under Section 157D of the Title 28, Your Honor, I did posit to the district court judge, I said, judge, this is very important. It involves material and substantive consideration of known bankruptcy court laws. We need guidance from this bench, Your Honor, because the whole bar on the bench is kind of a little lost with this. I mean, this creates a very bad precedent in the sense of the bankruptcy, the RFRA would just be set aside. Religious free exercise laws would just be set aside. An establishment clause, imagine, Your Honor, Section 114, where a trustee has been appointed to supervise, to operate the church. It just cannot be. Sorry, Your Honor. Your time has long since expired, but you have reserved two minutes for rebuttal. We'll hear from the trustee. I believe she has filed an appeal. She has reappeared in this case. Counsel? Good morning, Your Honors. May it please the court. My name is Michael Brownstein. We represent the Chapter 11 trustee, Deborah Piazza. Jill MacHoward, my co-counsel, is listening in. First, I would advise the court that Mr. Tejia was retained, well, filed a notice of appearance in the case on July 23 of 2020, which is the day the sale order was entered. And it is clear to us that the appeals are barred here by res judicata. There was never any opposition to the appointment of a trustee. There was never any opposition to the sale order. They're final. They're not appealable. The rights under RFRA have been waived unequivocally in this case. So, counsel, if we... I understand there are at least arguably three or four forms of relief that your adversary would like. And if I could just map through to make sure I understand what your arguments are. With the first, reversing the sale, your argument is that a statutorily moot? Is that correct? Well... Or one of your arguments. Well, one of the arguments... Well, it's really jurisdictional to a great extent under the Gucci case and the West Point case. The sale has closed. And it was... The purchaser was a good faith purchaser. And there was no stay obtained in that. And it's the horses out of the barn, for lack of a better word. And in fact, the property has been resold. And your argument is that the statute prevents any court from undoing that sale, given that this statutory requirements have been satisfied, right? Yes. But it's a little more than that. The court, on its own decisions in the Gucci case, and recently, although it was... I argued the pursuit matter, you know, since there was a good faith purchaser and there was no stay of the sale, that there's nothing that can be undone. And the only asset in this case is the church's real estate. Well, let me ask you then, as to the second argument, they mentioned in one of the briefs, damages, that the RFRA or other claims, I suppose, might be alive because of damages. And maybe your adversary can respond to this as well in rebuttal. But my understanding is there was no action for damages that was ever brought before the district court or in the bankruptcy court, right? You'd have to get permission. Yes. For those to pursue a damages remedy against the trustee. But am I correct, there is no pending action? There is no pending action. And under Title 28-959 and the Barton Doctrine, they would have to go back to the bankruptcy court for approval if there were any such action. Which obviously we believe there is none because the trustee did nothing but her fiduciary duty in this case. And all things were done pursuant to court order. OK, so we don't have that in your view, that that issue of damages is not before us. I think that's correct. And then as to the last question, which is I understand that your adversary is talking about that they would like to see, I think, withdrawal of the reference to the bankruptcy court and removal of the trustee. Is that something that they would have the ability now to seek in the district court or, I suppose, withdrawal the references before the district court and removal of the trustee would be before the bankruptcy court? Is that relief that they would still be able to seek, regardless of what we do in this case? Well, I'll answer. If the case is still alive, what is the status of the proceeding before the bankruptcy court? Right now, the proceeding is still pending. We made a motion to dismiss the case. The debtor never promulgated a plan. We had filed a plan and then all of the issues relevant to RFRA came into being when the sale closed. We thereafter filed a motion to dismiss in order to make a distribution to creditors if we could. We were not able to do that because of this pending appeal. And obviously, the expenses in the estate have continued because of this litigation. If, in fact, the withdrawal of the reference, that's not appealable, that was already denied and it should have been asked for in the bankruptcy court. It really well, it was, but it wasn't. And the district court denied that. And there was never anything alleged at the interstate comments. So it clearly was a discretionary withdrawal of the reference as opposed to a mandatory withdrawal of the reference. But could they go back, assuming, you know, this appeal ends at some point? Would the would the the church be entitled to make those motions before the district court of the bankruptcy court? Well, yes. I mean, but bear in mind that they made a reconsideration motion twice in this case already. Both times they lost. Both times they asked. Oh, I'm not saying I'm not trying to shed any suggestion or make any suggestion that they would prevail or not prevail. I'm just saying that would be a motion that they could make and it could just be ruled upon a due course. Oh, yes. I was only trying to point out that that section 1104 is an extraordinary remedy. They want us to accept the proposition, and this is why you're having trouble with their argument. They're trying to say that you can never appoint the chapter 11 operating trustee in a voluntary chapter 11. That's just not the law. Section 303 has an exception. Section 1112 has an exception dealing with involuntary cases or dealing with conversions. But if a debtor voluntarily files a chapter 11 case, then it should bear the burdens and the benefits. Congress knows what to do when it wants to amend the statute. And as it did in 1998, when it passed the when it dealt with the issue of tithing and passed an act to specifically make provision for that, because it was believed by the Eighth Circuit that there had been a burden on religious freedoms by tithing. So when the Reform Act came in in 1998, not RFRA, but another religious reform act, which actually this court commented on in the Universal Church case and had another decision on it, that was specifically enacted to deal with an exception under 548. Congress has never made any such exception under Section 1104. And in fact, if there were a problem and if a chapter 11 trustee, which was not the case here, because all Ms. Piazza did was made a business decision to close the church and sell it, consistent with Judge Bernstein's rulings that the only exit strategy to get creditors paid here was to cause the sale to occur because the debtor would have never done it voluntarily. All this debtor ever did was object to the mortgage that had been incurred in 2008. I think they made one payment on that mortgage, paid no other mortgage obligations, tried to cause the lender to be a usurious lender, tried to initiate the mortgage, lost all the state court matters. And all that's going on here is we effectively foreclosed on it as a lender could have done under the state law. If I could just cut to the chase, I assume that it is your position that we need not rule on the merits of the question of how and to what extent RFRA might apply in certain bankruptcy proceedings. I imagine there could be circumstances where there might be a much stronger argument where, say, a bankruptcy court appointed a trustee and the trustee was making decisions that could be viewed as intruding upon the conduct of the church and, you know, all sorts of things. But I assume that your view is procedurally that issue is not even properly before us because we are simply reviewing a denial of a writ amendamus where the parties did not properly preserve the RFRA issue for the district court's review. Is that an accurate characterization? I think that's exceptionally well stated. I would also, Your Honor, and I totally agree with you, the comment that I'd make is that by definition entanglement is the issue. There's nothing wrong with appointing an operating trustee in a Chapter 11 case. The issue of the gradation of entanglement is the problem that RFRA has. In this case, the trustee never, ever got involved in church doctrine. The church was shut down when the membership became obstructionist. Moreover, the 1105 has an ability to limit what a trustee can do under 1104. If the trustee ever did anything that would have otherwise impinged upon religion, she could have been removed based upon an appropriate motion. That the motion was made here. Judge Bernstein rightfully decided there was never anything done incorrectly, that there was a clear business decision. And this is what had to be done for there to be an end to the process and for creditors to be paid. Didn't the trustee also offer to send back any religious paraphernalia? Yes, they were segregated in the building and we offered the debtor the opportunity to pick it up. And we made arrangements for it to be delivered to where they wanted. They never took advantage of that between the period when before the sale happened, nor even after the sale occurred. And the purchaser left it aside and Judge Bernstein worked out a procedure by which we were to pay for it to be removed. We never removed any religious objects, to the best of my knowledge, from the premises. And we never interfered with the ability of the church to operate, obviously, remotely because of the pandemic issues. And in fact, from the time of our appointment in January, the church had free run by its members until they became obstructionists in mid-March. And then we sought an order of the court to shut the church down and to remove the books and records, if you will. Was that order appealed? The order to shut the... That was religious, which the church never picked up, despite us trying to assist them in doing that. So to me, this is simple from the perspective that the appellant wants the statute to be read differently than the way it's been drafted. Leaving aside the arguments that under RFRA, it wouldn't be applicable in any event because the trustee is a private party and it's not an agent of the government, nor a government actor. That's clearly made distinct in the Bell v. Thornburg case, which dealt with a Chapter 13 operating trustee that has been miscited by the appellant. In that case, the appellant has said that the trustee was a government actor and it acted on behalf of the government. The Chapter 13 trustee is not a government actor. It was a person acting on behalf of a government employee, and they never held in the Fifth Circuit that the Chapter 13 was a government actor. In all the other cases that we've seen dealing with Chapter 11 or Chapter 7 trustees, they've never been determined to be government actors. And that was clearly referred to by the court, by the Madoff court, which actually was Judge Bernstein, and in citing one of the Supreme Court cases for the California State Board of Equalization, which clearly maintained that a bankruptcy trustee is a representative of the estate and not an arm of the government. I would also point to the bankruptcy court decision in the Eastern District of New York in the Sousis matter, 54 B.R. 559, which made it clear that the trustee is a private party and not a government actor. So we don't think RFRA is applicable, and in any event, there was no violation of RFRA, and there's clearly compelling government interest in Section 1104 for the reasons I said before. Counsel, I'd like to appellate. Your time has long passed. I will turn for the two minutes that Mr. Tahiria has reserved for rebuttal. I'll try and keep you to the time. Yes, Your Honor. May I please quote again? Your Honor, there are factual details that my friend has gone into, which we find that incorrect. It is incorrectly stated as to what the trustee did with the property and what they did with the abandonment and money and everything, Your Honor. Let me add a quick rebuttal on a couple of things. Withdrawal of reference in this case, Your Honor, was supposed to be mandatory. Section 157D says shall, shall, the district court shall. It's very clear about it. If it entails consideration of known bankruptcy laws. Second, Your Honor, as far as the Barton Doctrine is concerned, Barton Doctrine is not a shield. It is a venue based. Barton Doctrine says if the trustee has to be sued, the trustee could be sued in the court. We could sue the trustee in the district court or in the bankruptcy court. That depends where we could pick up the venue. Now, as far as Section 363M, the mootness of the sale of the property, Your Honor, it's never late. When it's exceeded authority, Mr. Sundani bought this property, Your Honor, in the auction. Then he wanted to develop, cut this property in few parts, make apartments. I'm sorry, I have to ask you, what do you mean it's never too late? I thought the statute, it says, says when it's too late. Yes, 363M says it's late, but not for the damages. If other relief can be called out. And did you move in the district court or the bankruptcy court for damages? We have not done it so far. Okay, so you don't expect us to rule on damages, right? I mean, you haven't asked. No, we haven't asked the damages yet. I'm asking for- But that's not before us. Yes, we're not asking for, we're not asking for that. That's true, Your Honor. So we're not asked to rule on whether you can or can't have damages, correct? No, that we would like to have, Your Honor. Why would we rule on something if you never asked the district court for it? I asked the district court, not the bankruptcy court, Your Honor. In the writ- But you said a writ of mandamus. A writ of mandamus does not give you, that's not a damages action. Yeah, that is true, Your Honor. We have not- Do you agree with that? I'm sorry. Yes. Do you agree that when you seek a writ of mandamus, damages is not an available remedy? I agree with you, Judge. Okay. You're right. That is, the question of damages you would concede is not before this court, correct? Yes, Your Honor. Okay. Whether the violation of the laws have taken place is rightly, properly before this court, Your Honor. The confiscation of the Bible and the beads, even for one day, Your Honor, even for one day, would entail damages. It's very clear. I'm sorry, but did you not just say to me a second ago that the question of damages is not before this court? No, that is true. I'm asking about- Okay. So why are you talking about damages now? No, I'm not talking about- I'm saying that violation as to when- what facts could constitute a violation of referral or establishment clause? That's what I'm talking about, Your Honor. What I said was taking with the Bible, beads, books, records, computer, even today they have the computer, Your Honor, with the records of the people's funeral, confessional statement, other church-related issues, things, Your Honor. Counselor? Yes. And in conclusion? And in conclusion? No, Your Honor, I think we should be given a chance. We should be given the protection of the court. We need guidance for the bankruptcy bench and bankruptcy bar as to the application of these laws. It's very important, Your Honor, for us. Thank you. Thank you, Your Honor. Both are lively argument. We'll reserve decision. The other two cases on our calendar are being on submission. I will ask the clerk to adjourn court. Court is adjourned. Thank you, judges. I'll transfer you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you.